UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Samantha Anne Heiges,

    Petitioner,

v.                                             Civil No. 12-2874 (JNE/TNL)
                                             ORDER

Tom Roy, Commissioner of Corrections,

    Respondent.

Petitioner sought relief under 28 U.S.C. § 2254 (2012).  In her petition, she identified the following claim: "Whether petitioner's conviction for murder in a no-body neonaticide case violated the Fourteenth Amendment Due Process Clause where evidence of corpus delicti fell short of proof beyond a reasonable doubt."  Petitioner stated that she brought the claim under *Jackson v. Virginia*, 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970).  In a Report and Recommendation dated January 22, 2014, the Honorable Tony N. Leung, United States Magistrate Judge, recommended that Respondent's motion to dismiss be denied, that Petitioner's § 2254 petition be denied, that this action be dismissed with prejudice, and that a certificate of appealability be denied.  Petitioner objected to the Report and Recommendation.  No response to the objections was made.  The Court has conducted a de novo review of the record.  *See* D. Minn. LR 72.2(b).  Based on that review, the Court adopts the Report and Recommendation.[1]

---

[1]    The Court acknowledges the obvious typographical error that appeared on page 22 of the Report and Recommendation.  As Petitioner pointed out, the Report and

Petitioner objected to the Report and Recommendation's statement that she had "candidly acknowledged that Sydney had been born alive." The Report and Recommendation cited a transcript of a police officer's interview of Petitioner. During that interview, the police officer asked Petitioner, "So, Sydney is born alive?" Petitioner responded "Yes."

Noting that Petitioner had "confessed to at least three people at three different times that she gave birth to a live daughter, and that she killed her daughter by holding her under water until the little girl died," the Report and Recommendation stated that the jury's verdict was not unreasonable "[g]iven the consistency and multiplicity of Petitioner's credible confessions" and other corroborating evidence. Petitioner objected, asserting that she never gave consistent or credible confessions. The Report and Recommendation accurately recounted Petitioner's statements to a police officer, a friend, and a boyfriend. The Report and Recommendation correctly concluded that Petitioner had told at least three people that she had drowned her daughter.

Petitioner objected to the Report and Recommendation's statement that she had not satisfied the standards imposed by § 2254(d). For the reasons set forth in the Report and Recommendation, Petitioner has not demonstrated that the adjudication of her insufficiency-of-the-evidence claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Nor has Petitioner demonstrated that the adjudication

---

Recommendation erroneously referred to 28 U.S.C. § 1915(d). It should have referred to § 2254(d).

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.

The Report and Recommendation recommended that a certificate of appealability be denied. If the Court denied her § 2254 petition, Petitioner requested a certificate of appealability. Reasonable jurists would not find the rejection of Petitioner's claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a certificate of appealability.

In short, the Court overrules Petitioner's objections and adopts the Report and Recommendation. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Respondent's motion to dismiss [Docket No. 8] is DENIED.
2. Petitioner's § 2254 petition [Docket No. 1] is DENIED.
3. This action is DISMISSED WITH PREJUDICE.
4. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 13, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge